**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | No. CV 09-1567-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Mahadev Agya, LLC, | ) | |
| Defendant. | ) | |

Currently pending before the Court is Defendant Mahadev Agya, LLC's Motion For Forum Non-Conveniens, (Dkt.#13), and Plaintiff Best Western International's Motion to Strike, (Dkt.#21). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

Plaintiff Best Western International, Inc. ("Best Western") filed suit against Defendant Mahadev Agya, LLC ("Mahadev Agya") for claims of for breach of contract, trademark infringement, violations of the Lanham Act, and related common law and statutory causes of action. Best Western's claims are related to allegations that Defendant has engaged in unauthorized use of Best Western's trade name, trademarks, service marks, logos, and other similar identification symbols in violation of Best Western's federal and common law trademark rights.

| | |
|---|---|
| 1 | After the Complaint was filed, Defendant Mahadev Agya moved to transfer the case |
| 2 | to the Western District of Michigan, arguing that this would be the most convenient and |
| 3 | appropriate forum for the Parties to adjudicate their dispute. Best Western responded by |
| 4 | pointing out that the Parties had entered into a forum selection clause, which specified that |
| 5 | the appropriate venue for any dispute would be in Arizona, and that Arizona state law would |
| 6 | provide the governing law. Best Western also requested that it be awarded attorney's fees for |
| 7 | having to respond to Mahadev Agya's, which Best Western contended lacked merit. In its |
| 8 | reply brief, Mahadev Agya did not contest the existence of a forum selection clause, and |
| 9 | instead reargued why a transfer to the Western District of Michigan would meet the |
| 10 | requirements of 28 U.S.C. § 1404(a). |
| 11 | "[T]he effect of enforcing a forum selection clause is similar to that of granting a Fed. |
| 12 | R. Civ. P. 12(b)(1)" for lack of subject-matter jurisdiction. See Murphy v. Schneider Nat'l, |
| 13 | Inc., 362 F.3d 1133 , 1139 (9th Cir. 2003). When a motion to dismiss is based on a lack of |
| 14 | subject matter jurisdiction, the "court has wide discretion to allow affidavits, other |
| 15 | documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts . . .." |
| 16 | Sizova v. National Inst. Of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002). As |
| 17 | such, the Court may properly consider the contract that has been submitted by Plaintiff. |
| 18 | In Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court held that |
| 19 | selection clauses are presumptively valid. See Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 |
| 20 | F.2d 865, 868 (9th Cir. 1991). Furthermore, "[a]bsent some compelling and countervailing |
| 21 | reason,"a forum selection clauses should be routinely enforced by the district court. See |
| 22 | Bremen, 407 U.S. at 12. The party challenging the clause bears a "heavy burden of proof" |
| 23 | and must "clearly show that enforcement would be unreasonable and unjust, or that the |
| 24 | clause was invalid for such reasons as fraud or over-reaching." Id. at 15. |
| 25 | Here, Defendant Mahadev Agya has made no showing that the Court should refrain |
| 26 | from enforcing the forum selection clause requiring the Parties to litigate their disputes in an |
| 27 | Arizona court. In fact, in its reply brief, Defendant chose to not even address Plaintiff's |
| 28 | allegations regarding the existence and applicability of a forum selection clause. As such, |

1  Defendant's Motion to Transfer will be denied. At the same time, the Court will not grant
2  Plaintiff's request for an award of attorney's fees as a sanction under 28 U.S.C. § 1927.
3  **Accordingly,**
4  **IT IS HEREBY ORDERED** denying Defendant Mahadev Agya, LLC's Motion For
5  Forum Non-Conveniens, (Dkt.#13).
6  **IT IS FURTHER ORDERED** denying as moot Plaintiff Best Western International,
7  Inc.'s Motion to strike, (Dkt.#21).
8  DATED this 25th day of February, 2010.

_____
Mary H. Murguia
United States District Judge